# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRENT DURRELL WILSON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 68865<br><br>**FILED**<br><br>DEC 02 2016<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, for burglary, grand larceny, and possession of a controlled substance. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Brent Wilson was apprehended for shoplifting by a Macy's loss prevention officer, and found in possession of eight handbags. The loss prevention officer detained Wilson and initiated a computer-generated external apprehension report containing merchandise recovery information. Henderson police took Wilson into custody and found methamphetamine in his possession.

The State charged Wilson with burglary, grand larceny, and possession of a controlled substance. During the first day of jury trial, the State challenged juror 22 for cause after she indicated that she refused to remain open-minded, fair, and impartial during trial, and that she did not believe in the justice system due to past experiences. In response, defense counsel requested that the court question juror 22 further. The district court excused juror 22 for cause, stating that there was no need for further questioning because the court was convinced that juror 22 would not be a fair and impartial juror. Defense counsel objected, and the district court

16-37323

reaffirmed its decision. The jury convicted Wilson on all three charges. Wilson appealed.

Wilson argues that the district court abused its discretion in dismissing juror 22 for cause prior to conducting voir dire. We agree, but conclude the court's error was harmless.

District courts have broad discretion in ruling on challenges for cause. *Preciado v. State*, 130 Nev., Adv. Op. 6, 318 P.3d 176, 177 (2014) (stressing "that a prospective juror who is anything less than unequivocal about his or her impartiality should be excused for cause"). Nonetheless, while juror 22 articulated her inability to remain open-minded, fair, and impartial, the district court should have allowed Wilson to conduct further questioning before dismissing juror 22 for cause. *See* NRS 175.031 ("Any supplemental examination must not be unreasonably restricted."). However, the district court's error, which is appropriately reviewed for harmless error, does not require reversal because the district court's dismissal of juror 22 did not violate Wilson's right to an impartial jury and Wilson was not prejudiced. *See Barral v. State*, 131 Nev., Adv. Op. 52, 353 P.3d 1197, 1198–99 (2015) (indicating that when a defendant's right to an impartial jury is violated, he is not required to demonstrate prejudice); *Preciado*, 130 Nev., Adv. Op. 6, 318 P.3d at 178 (noting that a district court's ruling on "a challenge for cause is reversible error only if it results in an unfair empaneled jury"). Here, there is no evidence that the jury empaneled was not impartial.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ , J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons

cc:    Hon. Richard Scotti, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[1]Appellants also argue: (1) the State failed to prove the elements of grand larceny and burglary beyond a reasonable doubt; (2) the State committed prosecutorial misconduct; (3) the district court erred in admitting hearsay in the form of the external apprehension report and the loss prevention officer's related testimony; and (4) cumulative error warrants reversal. We have considered these arguments and conclude they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

3